UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TS EMPLOYMENT, INC.,<br><br>                    Debtor.<br>JAMES FELTMAN, not individually but solely as chapter 11 trustee for TS Employment, Inc.,<br>                    Plaintiff,<br><br>   - against -<br><br>KOSSOFF & KOSSOFF LLP and IRWIN KOSSOFF,<br>                    Defendants. | Chapter 11<br><br>Case No. 15-10243-mg<br><br>Adv. Pro. No. 18-01649-mg<br><br>**<u>NOTICE OF MOTION TO DISMISS</u>**<br><br>Re: ECF No. 16 |

     PLEASE TAKE NOTICE that a hearing on the annexed motion to dismiss the Second Amended Complaint with prejudice, pursuant to Rule 12(b)(6), will be held before the Honorable Martin Glenn in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on June 18, 2019 at 10:00 a.m.

     PLEASE TAKE FURTHER NOTICE that objections to the motion must be served so as to be received by May 31, 2019.

| | |
|---|---|
| Dated: May 14, 2019 | STORCH AMINI PC<br><br>/s/ Jeffrey Chubak<br>Steven G. Storch<br>Jeffrey Chubak<br>140 East 45th Street, 25th Floor<br>New York, New York 10017<br>(212) 490-4100<br>sstorch@storchamini.com<br>jchubak@storchamini.com<br>*Attorneys for Defendants Kossoff & Kossoff LLP and Irwin Kossoff* |

Steven G. Storch
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
sstorch@storchamini.com
jchubak@storchamini.com
*Attorneys for Defendants Kossoff & Kossoff*
*LLP and Irwin Kossoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TS EMPLOYMENT, INC.,<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 15-10243-mg |
| JAMES FELTMAN, not individually but solely as chapter 11 trustee for TS Employment, Inc.,<br>　　　　　　　Plaintiff,<br><br>　- against -<br><br>KOSSOFF & KOSSOFF LLP and IRWIN KOSSOFF,<br>　　　　　　　Defendants. | Adv. Pro. No. 18-01649-mg<br><br>**MOTION TO DISMISS**<br><br>Re: ECF No. 16 |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

I. THE PRIOR COMPLAINT AND MOTION ........................................................... 2

II. THE DECISION ....................................................................................................... 3

III. THE AMENDED COMPLAINT ............................................................................. 5

ARGUMENT ....................................................................................................................... 7

I. THE AMENDED COMPLAINT SHOULD BE DISMISSED .............................. 7

    A. The Trustee Has Failed to Come Forward with Additional Facts that can be Alleged in Good Faith Demonstrating that Defendants Made Accounting Decisions in Furtherance of the Subject Fraud ........................................... 7

    B. The Amended Complaint Still Alleges that Cassera Controlled TSE .................. 10

    C. The Second *PHS* Factor Still Weighs in Favor of Dismissal ............................... 12

    D. The Trustee Has Failed to Plead Conduct Required by Other Courts for an Outside Accountant to be Treated as an Insider ................................................... 13

II. DISMISSAL SHOULD BE WITH PREJUDICE ............................................................ 14

CONCLUSION .................................................................................................................... 14

CERTIFICATE OF SERVICE ............................................................................................

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 7th St. & Beardsley P'ship*,
 181 B.R. 426 (Bankr. D. Ariz. 1994) ................................................................. 13

*In re 9281 Shore Road Owners Corp.*,
 187 B.R. 837 (E.D.N.Y. 1995) ........................................................................ 12

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .......................................................................................... 8

*In re Babcock Dairy Co.*,
 70 B.R. 657 (Bankr. N.D. Ohio 1986) ............................................................. 12

*Barris v. Hamilton*,
 No. 96-cv-9541, 1999 WL 311813 (S.D.N.Y. May 17, 1999) ......................... 8

*In re Borders Group, Inc.*,
 453 B.R. 459 (Bankr. S.D.N.Y. 2011) ..................................................... 3, 4, 12

*In re Chas. P. Young Co.*,
 145 B.R. 131 (Bankr. S.D.N.Y. 1992) ............................................................. 13

*Dweck v. Pacificorp Capital, Inc.*,
 No. 91-cv-2095, 1998 WL 88742 (S.D.N.Y. Mar. 2, 1998) .............................. 8

*In re Editorial Flash, Inc.*,
 No. 14-ap-224, 2016 WL 3638471 (Bankr. D. P.R. June 29, 2016) ............... 13

*In re Friedman*,
 126 B.R. 63 (B.A.P. 9th Cir. 1991) .................................................................. 13

*Gertskis v. U.S. E.E.O.C.*,
 No. 11-cv-5830, 2013 WL 1148924 (S.D.N.Y. Mar. 20, 2013) ...................... 11

*In re Hydrogen, LLC*,
 431 B.R. 337 (Bankr. S.D.N.Y. 2010) .............................................................. 8

*In re PHS Group Inc.*,
 581 B.R. 16 (Bankr. E.D.N.Y. 2018) ........................................................ 3, 12

*In re Richartz, Fliss, Clark & Pope, Inc.*,
 No. 10-3317, 2010 WL 4502038 (Bankr. S.D.N.Y. Nov. 1, 2010) ................ 11

*In re UVAS Farming Corp.*,
    89 B.R. 889 (Bankr. D. N.M. 1988) ...................................................................................... 13

**Other Authorities**

H.R. Rep. No. 595, 95th Cong., 1st Sess. 311-314 (1977) ............................................................. 12

Defendants Kossoff & Kossoff LLP and Irwin Kossoff ("Kossoff," and together with Kossoff & Kossoff LLP, "Defendants") move to dismiss the Second Amended Complaint, filed March 28, 2019 (ECF No. 16, "Amended Complaint"), of Plaintiff James Feltman, as Chapter 11 Trustee ("Trustee") for TS Employment, Inc. ("TSE"), with prejudice, pursuant to Rule 12(b)(6), and respectfully state:

## INTRODUCTION

1. The Amended Complaint should be dismissed because it does not plausibly allege that Defendants are insiders, such that the doctrine of *in pari delicto* and the *Wagoner* rule (together, referred to herein as the "imputation doctrines") are inapplicable.

2. The Memorandum Opinion and Order (ECF No. 13, "Decision") on the prior motion to dismiss granted leave to amend, so that the Trustee could plead "additional facts that can be alleged in good faith demonstrating that these Defendants acted effectively as TSE's CFO, Treasurer or other senior finance and accounting personnel, who made important accounting decisions that facilitated the massive fraud." (Decision p.12.)

3. The Trustee has failed to do that. Instead, he realleges matters already pleaded in the First Amended Complaint (ECF No. 3, the "Prior Complaint"), such as Kossoff's allegedly having conceded his prior declaration (ECF No. 16-2, "Kossoff Declaration") to having moved $67 million in unpaid federal payroll tax obligations from TSE to Tri-State Employment Service, Inc. ("Tri-State," and together with its subsidiaries, "Tri-State Group"), and then back again, and adds that Defendants interfaced with TSE's auditor, exercised total control over TSE's internal accounting functions, and functioned as TSE's management.

4. That is insufficient. The Court already held that those matters pleaded in the Prior Complaint did not move the needle on the insider analysis (Decision p.12) and that it is not atypical for a company to have separate auditors and accountants (Feb. 11, 2019 Hr'g Tr. ("Tr.," a true

1

copy of which is annexed hereto as <u>Exhibit 1</u>) 19:22-20:3). The allegation that Defendants exercised total control over TSE's internal accounting functions is entirely conclusory, and thus not entitled to credit on a motion to dismiss, and also at odds with the Kossoff Declaration on which the Trustee's insider theory is premised. And the allegation that Defendants functioned as TSE's management is inconsistent with the Trustee's separate allegation, left in from the Prior Complaint, that TSE's and Tri-State's owner, Robert Cassera ("<u>Cassera</u>"), controlled TSE, and was the mastermind of the subject fraud.

5. The Complaint should accordingly be dismissed. Given the Trustee's admission that he is unaware of any additional facts that can serve as the basis for pleading insider status, and that he was already granted leave to amend, dismissal should be with prejudice.

## BACKGROUND

### I. THE PRIOR COMPLAINT AND MOTION

6. By the Prior Complaint, the Trustee pleaded Defendants should be liable for allegedly helping TSE mask the extent of its unpaid federal payroll tax obligations from 2011-14, which resulted in its accruing roughly $100 million in said obligations by the time it filed for bankruptcy.

7. The Prior Complaint alleged that Defendants' conduct enabled Tri-State, which Cassera owned and which "dominated and controlled" TSE, also owned by Cassera, to transfer "tens of millions of dollars" that TSE received under its PEO Agreement with Corporate Resources Services, Inc. ("<u>CRS</u>") to Tri-State Group.

8. In a separate adversary proceeding that the Trustee brought against Tri-State Group and Cassera (No. 17-ap-1013), the Trustee alleged that the subject funds "were not used for the benefit of TSE, and instead were… used [to satisfy] Tri-State Group tax liabilities … as well as

for construction, restaurant, and other businesses owned by Robert Cassera." (ECF No. 12-1 ¶63; *see also id*. ¶115.)

9. Defendants moved to dismiss on the grounds that the Trustee's claims are barred by the imputation doctrines.

10. In his opposition, the Trustee argued the imputation doctrines are inapplicable because "Defendants were for all practical purposes the chief financial officer, treasurer, and controller of TSE" (Decision p.9), and thus insiders. In support of this contention that Defendants were insiders, the Trustee noted that the Prior Complaint alleged, inter alia, that Defendants maintained TSE's books and made direct adjustments, ledger entries, and journal entries in TSE's financial reporting systems. (Prior Compl. ¶¶5, 37-38, 69, 71.)

11. The Trustee also alleged that Kossoff admitted in Paragraphs 12 and 16 of his declaration to having "moved" $67 million in unpaid TSE federal payroll tax obligations from TSE's books to Tri-State's books in 2013, and then back again when TSE commenced its bankruptcy case. (Prior Compl. ¶¶7, 57-58 (citing Kossoff Decl. ¶12); Prior Compl. ¶83 (citing Kossoff Decl. ¶16).)

## II. THE DECISION

12. In determining if the Prior Complaint plausibly alleged insider status, the Court considered the four non-exclusive factors that Judge Grossman in *In re PHS Group Inc.*, 581 B.R. 16, 32 (Bankr. E.D.N.Y. 2018) observed courts have considered in performing a "'totality of the circumstances' control analysis," which factors are: "(1) the close relationship between the debtor and the third party, *In re 455 CPW Assoc.*, 2000 WL 1230569, at *5 … (2) the degree of the individual's involvement in the debtor's affairs, *In re Borders Grp., Inc.*, 453 B.R. at 469; (3) whether the defendant had opportunities to self-deal, *In re ABC Elec. Serv., Inc.*, 190 B.R. 672;

3

and (4) whether the defendant holds or held a controlling interest in the debtor corporation, *In re Borders*, 453 B.R. at 469." 581 B.R. at 33.

13. The Court concluded that the Trustee plausibly alleged a close relationship between TSE and Defendants (first factor), by virtue of Defendants' alleged close relationship with Cassera (Decision pp.9-10) but that the Trustee did not plead self-dealing or that Defendants had a controlling interest in TSE (third and fourth factors, *id*. p.11).

14. As to involvement in TSE's affairs (second factor), the Court held that too weighed in Defendants' favor, because while the Prior Complaint alleged that Defendants "kept its books and records, prepared TSE financial statements, prepared dozens of TSE tax returns, and had direct and unfettered input and access to TSE's financial reporting systems" (*id*. p.10 (citing Prior Compl. ¶5)), "[i]t is unclear from these allegations whether Defendants' involvement essentially fulfilled the roles ordinarily carried out by a company's senior internal financial and accounting personnel (since TSE did not have a CFO or Treasurer), such as making decisions regarding how to account for the Debtor's business activities, which would arguably trigger the non-statutory insider exception, or, rather, whether Defendants only acted in the traditional role of outside accountants" (*id*.).

15. Non-exclusive factors aside, the Court held that the Trustee failed to plead the requisite degree of control because the Prior Complaint "alleges that Cassera, not Defendants, exerted 'total control' over TSE's operations. (Compl. ¶28.) Additionally, the Complaint portrays Cassera as the mastermind of the alleged fraud relating to the massive tax liability. (*Id*. ¶34.) Since Defendants' role as accountant is facilitative in nature, the Court cannot plausibly infer from the Complaint that Defendants exerted any degree of control." (Decision pp.11-12; *see also id.* p.10

("The Complaint here does *not* allege that Defendants exerted significant influence over decisions that affected the Debtor's operations."))

16. The Court granted leave to amend, not because the Kossoff Declaration shows Defendants are insiders, but rather, because the Trustee "may well have developed sufficient facts to satisfy the requirements for the non-statutory insider exception" to the imputation doctrines, as a result of "the extensive investigation conducted by the Trustee relating to the CRS Debtors since this Complaint was filed in October 2018." (*Id.* p.12.)

### III. THE AMENDED COMPLAINT

17. The Trustee filed the Amended Complaint on March 28, 2019. A blackline comparison against the Prior Complaint is annexed hereto as <u>Exhibit 2</u>.

18. The modifications reflected in the Amended Complaint were designed to address shortcomings with respect to Defendants' role at TSE, and the degree of control alleged to have been exercised by Cassera.

19. <u>Modifications directed towards Defendants' role at TSE</u>. The Amended Complaint deletes reference to Defendants as TSE's "outside" accountants (compare Prior Compl. ¶36 (referring to Defendants as outside accountants) with Amended Compl. ¶36 (deleting reference)) and instead pleads that Defendants controlled TSE's internal accounting functions. (Amended Compl. ¶6 ("Defendants … ostensibly acted as Tri-State's and TSE's outside accountants but exercised direct, complete, and virtually exclusive control over the … internal accounting functions of TSE"); *id.* ¶7 (Defendants decided how to account for TSE's business activities"); *id.* ¶29 (same); *id.* ¶38 (adding that Defendants "fulfilled the roles ordinarily carried out by a company's senior internal financial and accounting personnel"); *id.* at ¶39 (Defendants "exerted unfettered influence over decisions that affected the Debtor's finances and operations"); *id.* ¶40 ("Defendants … decided how to account for the Debtor's business activities").

5

20. The Amended Complaint also adds that Defendants "interfaced independently and directly with TSE's auditor Lilling & Company concerning its audits of TSE's finances for years ended December 31, 2012 and December 31, 2013. Defendants were the source of the information needed for TSE's auditors to perform those audits, and information requests were directed at Defendants, not others at TSE." (*Id*. ¶41.)

21. <u>Modifications directed towards deemphasizing the degree of control exercised by Cassera</u>. The Amended Complaint modified the discussion of Tri-State's domination of TSE by adding "and agents" after "Officers" (so it reads: "Officers <u>and agents</u> of Tri-State acted as *de facto* management …") and members of that group "included the Defendants." (Amended Compl. ¶29.) It also added that "Defendants acted with autonomy, and their conduct was their own" (*id*. ¶39) (as the Trustee had argued, Decision p.9) and "Defendants were not third parties acting at the direction of management—they *were* management" (Amended Compl. ¶43).

22. The remaining modifications reflected in the Blackline restate or reemphasize allegations already in the Prior Complaint.[1]

---

[1] For example, the Prior Complaint pleaded "TSE had no employees of its own to carry out its core financial and accounting functions, nor did any TSE employees carry out basic PEO functions." (Prior Compl. ¶30.) The Amended Complaint adds "TSE had no chief financial officer or treasurer, no accounting personnel and no employees of its own to carry out its core financial and accounting operations. Instead, these functions were performed by Defendants." (Amended Compl. ¶6.) The Prior Complaint also stated that Kossoff allegedly conceded in his declaration to having made journal entries "moving" $67 million in liabilities from TSE to Tri-State and then back again. (Prior Compl. ¶¶7, 49, 52, 57-58, 83, 97.) Modifications reflected in the Amended Complaint restate as much. (Blackline ¶¶8, 40, 52.) In addition, the Prior Complaint alleged that TSE controlled TSE's financial reporting and made journal entries on TSE's behalf. (Prior Compl. ¶¶5, 37-38, 69, 71.) Modifications reflected in the Amended Complaint likewise restate as much. (Blackline ¶¶1, 4, 6, 7, 29, 36, 38-40.) As noted above, the Court previously held that "[i]t is unclear from these allegations whether Defendants' involvement essentially fulfilled the roles ordinarily carried out by a company's senior internal inancial and accounting personnel … or rather, whether Defendants only acted in the traditional role of outside accountants." (Decision p.10.)

6

# ARGUMENT

## I. THE AMENDED COMPLAINT SHOULD BE DISMISSED

### A. The Trustee Has Failed to Come Forward with Additional Facts that can be Alleged in Good Faith Demonstrating that Defendants Made Accounting Decisions in Furtherance of the Subject Fraud

23. At the hearing on the prior motion, the Court asked the Trustee what his good faith basis was for contending that Kossoff was not functioning as outside accountant to TSE but rather functioned as senior internal financial and accounting personnel. (Tr. 17:3-19, 20:25-21:2, 25:7-11, 25:17-24.)

24. The Trustee responded that his good faith basis was the Kossoff Declaration (Tr. 20:12-13 (Kossoff-is-an-insider theory "is based largely on his declaration"); Tr. 21:19-25 ("to the extent we amend this … I think it would just be a matter of incorporating more of the declaration"); Tr. 22:8-12 ("Kossoff's own testimony strongly suggests that he had these roles" of CFO, controller, and treasurer)); specifically, Paragraph 16 of the Kossoff Declaration, which states the above-referenced $67 million tax liability was moved from TSE to Tri-State and then back again (Tr. 14:19-15:8) and the discussion preceding the same (Tr. 15:9-14 ("But the lead-up to [Paragraph 16] is why this happened. And he talks about Tri-State having CRS stock, and they were going to use that stock to pay back these liabilities, and then the stock went down in value. These are not the kind of comments that a third-party strip-mall accountant makes."))

25. According to the Trustee, the Kossoff Declaration, coupled with "the lack of a back office, right, and the fact that the individual who files this declaration explaining why these decisions were made was Irwin Kossoff" yields a plausible allegation as to insider status. (Tr. 16:2-5.)

26. The Court, however, found that insufficient. (Tr. 15:15-21 ("I don't know if it [Kossoff Declaration] is or not [indicative of insider status]. I mean, if -- by the time he's doing

7

that, things have hit the fan, I mean, and so the question is trying to sort it out, trying to hold off the regulators … And I mean, oftentimes you do get outside professionals who come in to take on that role rather than the insider").

27. Hence the determination to grant leave to amend to afford the Trustee the opportunity to come forward with "additional facts that can be alleged in good faith demonstrating that these Defendants acted effectively as TSE's CFO, Treasurer or other senior finance and accounting personnel, who made important accounting decisions that facilitated the massive fraud." (Decision p.12.)

28. However, none of the additional facts pleaded in the Amended Complaint plausibly allege insider status. Modifications alleging Defendants did not function as outside accountants but instead controlled TSE's internal accounting functions are entirely conclusory, and therefore not entitled to credit. *In re Hydrogen, LLC*, 431 B.R. 337, 346 (Bankr. S.D.N.Y. 2010) ("court is not 'bound to accept as true [any] legal conclusion couched as a factual allegation.'" *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[2]

29. The modification alleging that Defendants interfaced with Lilling & Co. likewise does not plausibly allege insider status. The plausibility analysis requires that the court "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. As observed by the Court it is not atypical for a business to "hire one accounting firm to do their internal accounting and then

---

[2] Even were the Court to consider the allegations less-than-conclusory, it would have no obligation to accept them as true at this stage, the Trustee having admitted otherwise in the Prior Complaint. *Barris v. Hamilton*, No. 96-cv-9541, 1999 WL 311813, at *2 (S.D.N.Y. May 17, 1999) ("the more usual and benevolent option is to accept the superseded pleadings but allow the factfinder to consider the earlier pleadings as admissions in due course"); *Dweck v. Pacificorp Capital, Inc.*, No. 91-cv-2095, 1998 WL 88742, at *7 (S.D.N.Y. Mar. 2, 1998) ("It is well-established in the Second Circuit that superseded pleadings, while not judicial admissions per se, may be introduced as evidence and considered an admission").

8

maybe if they have audited financials, another firm does the audit." (Tr. 19:22-25.) This additional allegation does not speak to the key inquiry, control of TSE's internal accounting functions prior to "things hav[ing] hit the fan." (Tr. 15:16-17.)

30. Significantly, the Kossoff Declaration does not state what the Trustee states it says. The Trustee cites Paragraphs 12 and 16 of the Kossoff Declaration as his basis for alleging that Defendants made the subject journal entries moving $67 million in unpaid federal payroll tax obligations between TSE and Tri-State. (Amended Compl. ¶¶61, 86.) However, neither Paragraph actually states as much. Rather, Paragraph 16 states that the subject liability "had been transferred to the books of TSES [Tri-State], reported on TSES's 2013 tax returns, and then in late 2014, those 2013 tax liabilities were transferred back to the Debtor." Paragraph 12 states: "A simple review of the books of the Debtor make very clear what transpired here as all transactions are recorded in those books. Those books have been available to the Trustee at the Debtor's offices from the time of his appointment. Beginning in 2011, a cash deficit arose between the Debtor and CRS on account of CRS's unpaid invoices. By the end of January 2015, that cash deficit was approximately $63 million. Those are funds that the Debtor did not have available to it to make timely payroll tax payments."

31. Neither Paragraph states Defendants made the subject journal entries, or otherwise controlled TSE's internal accounting functions. And elsewhere in his declaration, Kossoff states who controlled TSE's books: Cassera's sister (ECF No. 12-1, ¶52) "Yolanda Trippiedi, the Debtor's Corporate Secretary, who among other things supervises the bookkeeping department of the Debtor." (Kossoff Decl. ¶7.)

32. The Trustee's response is that Defendants, not Ms. Trippiedi nor the bookkeeping department, must have made the subject journal entries, because neither "TSE [n]or Tri-State have

9

any employees with the background and experience to report the entities' multibillion-dollar cash flow." (Amended Compl. ¶38.) But that is not what the Kossoff Declaration states. Indeed, it makes clear Ms. Trippiedi was capable of and did engage the Trustee on corporate recordkeeping matters. (Kossoff Decl. ¶7 n.2.)

33. Kossoff's testimony that TSE had a bookkeeping department, also contradicts the Trustee's contention that TSE had no staff. (Amended Compl. ¶¶6, 31.)

**B.      The Amended Complaint Still Alleges that Cassera Controlled TSE**

34. The principal consideration in determining whether Defendants are insiders for imputation doctrine purposes is control. (Decision pp.10-11.)

35. In this regard the Court concluded dismissal of the Prior Complaint was warranted because it "allege[d] that Cassera, not Defendants, exerted 'total control' over TSE's operations" and also "portray[ed] Cassera as the mastermind of the alleged fraud relating to the massive tax liability." (*Id*. p.11.)

36. The modifications reflected in the Amended Complaint, however, do not cure this defect. As reflected in the annexed Blackline, the core allegations concerning Cassera's control of TSE have not been modified. The Amended Complaint still alleges that he owned TSE and held himself out as its President (Amended Compl. ¶15); that Tri-State officers (Cassera; *see also* ¶38, *infra*) "acted as de facto management for TSE, exerting total control over TSE's operations" (*id*. ¶29); and that TSE was a mere alter ego of Tri-State, also owned by Cassera (*id*. ¶¶28-35; *see also* ECF No. 12-1, ¶¶48-79 (Section of complaint against Cassera and Tri-State titled "TSE Was an Alter Ego of Tri-State"); *id*. ¶¶6, 112-16 (Count III, Alter ego claim)).

37. Now, the Amended Complaint adds that "agents" of Tri-State (Defendants) also exerted total control over TSE's operations. (Amended Compl. ¶29.) However, the new allegation should be disregarded because it is inconsistent with the prior, and existing allegation that Cassera

10

exercised total control. The new allegation can only be reconciled if Cassera and Defendants exercised total control together; however, the Amended Complaint expressly states that they did not. (*Id.* ¶39 ("Defendants acted with autonomy, and their conduct was their own"); *id.* ¶43 ("Defendants were not third parties acting at the direction of management—they were management").)

38. The new allegation that Defendants controlled TSE is also inconsistent with the allegation in the Trustee's complaint against Cassera and Tri-State Group,[3] that "Defendants Robert Cassera, [John] Messina, Joseph Cassera and [James] Foley acted as *de facto* management for TSE, exerting total control over TSE's operations." (ECF No. 12-1, ¶54; *see also id.* ¶35 (James Foley "held himself out to be the chief operating officer of TSE," contradicting the allegation that TSE had no staff.))

39. In addition, the new allegation is contradicted by the Trustee's allegation, in the Amended Complaint and the Trustee's complaint against Cassera and Tri-State Group, that TSE was an alter ego of Tri-State, which is Cassera alleged to have founded, owned, and managed. (*Id.* ¶¶18-19.)

40. The Court is accordingly under no obligation to accept the new allegation as true and should therefore dismiss the Amended Complaint, on the ground that it does not plausibly allege that Defendants exercised the requisite degree of control. *E.g.*, *In re Richartz, Fliss, Clark & Pope, Inc.*, No. 10-3317, 2010 WL 4502038, at *3 (Bankr. S.D.N.Y. Nov. 1, 2010) ("Where an

---

[3] The Court may take judicial notice of the Trustee's complaint against Cassera and Tri-State Group in deciding this motion. *E.g.*, *Gertskis v. U.S. E.E.O.C.*, No. 11-cv-5830, 2013 WL 1148924, at *1 (S.D.N.Y. Mar. 20, 2013) ("A district court reviewing a motion to dismiss may also consider documents of which it may take judicial notice, including pleadings … in related lawsuits"). The complaint is clearly related, as it is associated with TSE's bankruptcy case and references Defendants therein. (ECF No. 12-1, ¶¶57, 82-83.)

allegation in the complaint conflicts with other allegations … the court is neither obligated to reconcile the pleadings with the other matter nor accept the allegations in the pleadings as true in deciding a motion to dismiss").[4]

### C. The Second *PHS* Factor Still Weighs in Favor of Dismissal

41. As noted above, *PHS*, 581 B.R. at 33 distilled the case law concerning when a person is an insider form imputation doctrine purposes into four non-exclusive factors, to "be taken into consideration in [conducting a] 'totality of the circumstances' control analysis."

42. The Court applied these factors in the Decision on the prior motion, and concluded that while the Trustee pleaded the first factor, the second, third, and fourth weighed in favor of dismissal. (*See* ¶¶13-14, *supra*.)

43. The modifications reflected in the Amended Complaint are directed towards shoring up the second factor. However, the Trustee cannot actually plead the second factor. *PHS* cited just *In re Borders Group, Inc.*, 453 B.R. 459 (Bankr. S.D.N.Y. 2011) for the proposition that the degree of involvement in a debtor's affairs is a factor to be considered in determining insider status. *Borders*, however, went on to state "[i]n such cases [in which insider status is based on the degree of involvement] insiders must have 'at least a controlling interest in the debtor or … exercise sufficient authority over the debtor so as to unqualifiably dictate corporate policy and the disposition of corporate assets.'" *Id*. at 469 (quoting *In re Babcock Dairy Co.*, 70 B.R. 657, 661 (Bankr. N.D. Ohio 1986); citing *In re 9281 Shore Road Owners Corp.*, 187 B.R. 837, 853 (E.D.N.Y. 1995) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 311-314 (1977)).

---

[4] Contradictions aside, the Court has no obligation to accept the new allegation as true given that they contradict the Prior Complaint. (*See* Footnote 2, *supra*.)

44. Controlling TSE's internal accounting functions, as the Trustee alleges Defendants did, is not the same as "dictat[ing] corporate policy and the disposition of corporate assets" particularly where, as here, the complaint alleges that TSE is controlled by Cassera. Nor does the allegation that Defendants interfaced with TSE's auditor speak to this issue, or whether Defendants otherwise essentially fulfilled the roles ordinarily carried out by senior internal accounting and finance personnel.[5]

### D. The Trustee Has Failed to Plead Conduct Required by Other Courts for an Outside Accountant to be Treated as an Insider

45. The Trustee has conceded an absence of authority for his position that Defendants have engaged in conduct that merits treating them as insiders. (Tr. 18:2-8.) Courts addressing whether outside accountants are insiders have required conduct not alleged herein for them to so qualify. *E.g.*, *In re 7th St. & Beardsley P'ship*, 181 B.R. 426, 430 (Bankr. D. Ariz. 1994) (accountant not an insider where it did not participate in the bankruptcy and lacked any financial interest in debtor/debtor-affiliated investments); *In re Editorial Flash, Inc.*, No. 14-ap-224, 2016 WL 3638471, at *3 (Bankr. D. P.R. June 29, 2016) (quoting *In re Friedman*, 126 B.R. 63, 70 (B.A.P. 9th Cir. 1991)) (dismissing complaint premised on accountant-as-insider theory where "No fact has been provided as to how Defendant could have gained advantage of his relationship with Debtor").

---

[5] The only other decision from within this district discussing degree of involvement in the debtor's affairs for insider purposes is *In re Chas. P. Young Co.*, 145 B.R. 131, 136 (Bankr. S.D.N.Y. 1992), which cites *In re UVAS Farming Corp.*, 89 B.R. 889 (Bankr. D. N.M. 1988) for the proposition that this is a consideration. *UVAS*, however, which addressed whether minority shareholders were insiders for preference purposes, goes on to state that for there to be an insider relationship "[t]here must be found an opportunity to self-deal or exert more control than is available to other unsecured creditors." *Id.* at 892. The Trustee has not alleged as much, nor could he.

## II. DISMISSAL SHOULD BE WITH PREJUDICE

46. The Trustee's contentions concerning insider status are not premised on any post-October 2018 information discovered, but rather on the Kossoff Declaration already discussed in the Prior Complaint, which the Court reviewed prior to issuing its Decision. (Tr. 26:6-7.) The Trustee has further admitted he has nothing else to support his contention. (Tr. 26:8-13 ("I don't think we're going to come up with some new theory [of why Defendants are insiders]. There isn't some missing fact."); Tr. 27:6 ("I don't think there would be new theories. I do think we could tighten some things up, perhaps, with an amended complaint").) Further, the Trustee has already been granted leave to amend. Dismissal should accordingly be with prejudice.

## CONCLUSION

The Amended Complaint should be dismissed, with prejudice.

Dated: May 14, 2019  
New York, New York

Respectfully submitted,

/s/ Jeffrey Chubak  
Steven G. Storch  
Jeffrey Chubak  
STORCH AMINI PC  
140 East 45th Street, 25th Floor  
New York, New York 10017  
(212) 490-4100  
sstorch@storchamini.com  
jchubak@storchamini.com  
*Attorneys for Defendants Kossoff & Kossoff LLP and Irwin Kossoff*

# CERTIFICATE OF SERVICE

I, Jeffrey Chubak, certify under penalty of perjury that on May 14, 2019, I caused a filed copy of this motion to dismiss (with exhibits) to be served by first class mail on the Trustee's counsel at the following address: Vincent E. Lazar, Jenner & Block LLP, 353 North Clark Street, Chicago, Illinois 60654; and Carl Wedoff, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022.

/s/ Jeffrey Chubak