Hearing Date and Time: June 25, 2019 at 10:00 a.m.

Steven G. Storch
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
sstorch@storchamini.com
jchubak@storchamini.com
*Attorneys for Defendants Kossoff & Kossoff*
*LLP and Irwin Kossoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TS EMPLOYMENT, INC.,<br><br>            Debtor. | Chapter 11<br><br>Case No. 15-10243-mg |
| JAMES FELTMAN, not individually but solely as chapter 11 trustee for TS Employment, Inc.,<br>            Plaintiff,<br><br>  - against -<br><br>KOSSOFF & KOSSOFF LLP and IRWIN KOSSOFF,<br>            Defendants. | Adv. Pro. No. 18-01649-mg<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Re: ECF Nos. 16, 21, 23 |

# TABLE OF CONTENTS

                                                                     **Page**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

I.     THE TRUSTEE FAILED TO COME FORWARD WITH ADDITIONAL FACTS DEMONSTRATING DEFENDANTS MADE ACCOUNTING DECISIONS IN FURTHERANCE OF THE SUBJECT FRAUD .............................................................. 2

II.    THE TRUSTEE STILL ALLEGES CASSERA EXERCISED TOTAL CONTROL OF TSE AND PORTRAYS HIM AS THE MASTERMIND OF THE SUBJECT FRAUD ... 4

III.   THE SECOND *PHS* FACTOR DOES NOT SUPPORT A FINDING OF INSIDER STATUS ................................................................................................................... 5

IV.   DECISIONS CITED FOR THE PROPOSITION THAT INSIDER STATUS HAS ADEQUATELY BEEN PLEADED ARE INAPPOSITE .................................................. 7

CONCLUSION .......................................................................................................................... 9

CERTIFICATE OF SERVICE .......................................................................................................

# **TABLE OF AUTHORITIES**

**Page(s)**

*In re Bernard L. Madoff Inv. Sec. LLC*,
    458 B.R. 87 (Bankr. S.D.N.Y. 2011) .................................................................................... 1

*In re Borders Group, Inc.*,
    453 B.R. 459 (Bankr. S.D.N.Y. 2011) ................................................................................... 5

*In re IDI Const. Co.*,
    234 B.R. 60 (Bankr. S.D.N.Y. 2006) ..................................................................................... 8

*Noreen Wiscovitch Rentas v. Olavarria (In re Editorial Flash, Inc.)*,
    No. 14-ap-224, 2016 WL 3638471 (Bankr. D.P.R. June 29, 2016) ....................................... 8

*In re PHS Group Inc.*,
    581 B.R. 16 (Bankr. E.D.N.Y. 2018) ........................................................................ 1, 5, 6, 7

*Rieser v. Milford (In re Chari)*,
    276 B.R. 206 (Bankr. S.D. Ohio 2002) .................................................................................. 7

*Stanziale v. McGladrey & Pullen (In re Student Fin. Corp.)*,
    No. 04-ap-58003, 2006 WL 2346373 (D. Del. Aug. 10, 2006) ............................................. 8

*Zaremba v. Pheasant (In re Continental Capital Inv. Servs., Inc.)*,
    No. 05-ap-3322, 2006 WL 6179374 (Bankr. N.D. Ohio June 12, 2006), ............................. 7

# **INTRODUCTION**[1]

1. The Decision called for the Trustee to plead "additional facts that can be alleged in good faith demonstrating that these Defendants acted effectively as TSE's CFO, Treasurer or other senior finance and accounting personnel, who made important accounting decisions that facilitated the massive fraud." (Decision p.12; *see also* Tr. 20:25-21:4.) By the motion, Defendants seek dismissal with prejudice on the ground that the Trustee has failed to come forward with the requisite additional facts. In his Response the Trustee argues the Amended Complaint is replete with allegations concerning Defendants' insider status. (Response ¶20.) However, virtually all of the allegations quoted in Paragraph 20, or the substance thereof, were already included in the Prior Complaint.

2. In practical terms, Defendants seek reconsideration of the Decision, on the guise that the Amended Complaint should be measured by all of the facts pleaded (Response ¶2), even those the Court already determined were insufficient. This end run around Rule 59(e), and the Court's directive to come forward with additional facts that can be alleged in good faith, should not be countenanced, and the Amended Complaint should accordingly be dismissed.

3. The Amended Complaint should also be dismissed for failure to adequately plead the requisite degree of control. Putting aside inconsistencies as to the degree of control alleged to have been exercised by Kossoff vs. Cassera, and that the second *PHS* factor calls for an allegation that the person at issue have dictated corporate policy and the disposition of corporate assets or had a controlling interest in the debtor, none of which apply herein, what is telling is what the Trustee omits, notwithstanding his extensive investigation: unlike in *Madoff*, *PHS*, etc., the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the motion.

1

Trustee does not allege that Kossoff ever had an office, title, telephone number, or e-mail address at TSE/Tri-State, or signed checks, approved bills for payment, or signed any agreements on their behalf; indeed, the Trustee does not even allege Kossoff was located in the same state as TSE/Tri-State, nor was he—when the subject declaration was signed Kossoff was 76 years old (he will be 81 in July), semiretired, and living in Boynton Beach where he resides today.  He was not an insider, and the Trustee has failed to plead otherwise.

I.  **THE TRUSTEE FAILED TO COME FORWARD WITH ADDITIONAL FACTS DEMONSTRATING DEFENDANTS MADE ACCOUNTING DECISIONS IN FURTHERANCE OF THE SUBJECT FRAUD**

4.  As noted above, and as set forth in the table annexed hereto as <u>Exhibit 1</u>, virtually all allegations quoted in Paragraph 20 of the Response, or the substance thereof, were already included in the Prior Complaint.

5.  The sole exceptions are allegations: (a) that Defendants interfaced with TSE's auditor (Amended Compl. ¶41) (discussed below); (b) that plead control in conclusory fashion and/or in a manner inconsistent with allegations as to Cassera's degree of control ("Defendants acted with autonomy, and their conduct was their own"; Defendants "exerted unfettered influence over decisions that affected Debtor's finances and operations"); (c) that do not speak to control (Defendants' "decisions facilitated TSE's massive fraud"); and (d) as to which the Trustee has no good faith basis (Defendants "compiled the underlying information needed to prepare those returns").

6.  While the allegations as to TSE's auditor is an additional fact not previously alleged, they do not speak to the key inquiry.  The Trustee states they serve to show Defendants functioned effectively as senior internal finance and accounting personnel.  (Response ¶21.)  That is false.  However, even if the Court found the allegations served to plausibly allege as much they

2

do not show Defendants made important accounting decisions, let alone ones that facilitated the subject fraud.  (Decision p.12.)

7.  Nor has the Trustee satisfied his pleading burden by annexing the Kossoff Declaration to the Amended Complaint.  The Trustee alleged that Kossoff admitted to having made journal entries in furtherance of the subject fraud in Paragraph 16 of the Kossoff Declaration.  (Amended Compl. ¶¶8, 40, 86.)  In the motion Defendants argued the declaration contains no such admission, and instead attests Defendants had a bookkeeping department supervised by Cassera's sister.[2]  (Motion ¶¶30-32.)  The Trustee's response is that Kossoff's use of the passive voice in Paragraph 16 is ambiguous and thus presents a fact question as to whether he made the subject entries, in practical terms admitting his characterization of the declaration is false.  In any event the Court already addressed the issue, having reviewed the Kossoff Declaration prior to issuing the Decision (Tr. 26:6-7) and directed the Trustee to come forward with additional facts that may have been discovered following the commencement of this adversary proceeding in October 2018 that can be alleged in good faith that Defendants acted in furtherance of the subject fraud.  (Decision p.12.) The Trustee should not be permitted to avoid this directive by embellishing parts of the Kossoff Declaration already cited in the Prior Complaint (¶83) and reviewed by the Court in connection with the prior motion.

---

[2] The Trustee also argues Cassera's sister's supervision of TSE's bookkeeping department is consistent with his allegation that TSE had no senior internal finance and accounting personnel, because the bookkeepers merely "maintained day-to-day business records, and processed and paid temporary worker payroll and invoices." (Response ¶22.)  However, bookkeepers' role is the subject of neither the Kossoff Declaration nor the Amended Complaint, and in any event it is not clear why their supervisor would not be considered senior internal finance and accounting personnel, contradicting Paragraph 6 of the Amended Complaint.

II. **THE TRUSTEE STILL ALLEGES CASSERA EXERCISED TOTAL CONTROL OF TSE AND PORTRAYS HIM AS THE MASTERMIND OF THE SUBJECT FRAUD**

8. The Decision concluded dismissal of the Prior Complaint was warranted because it alleged Cassera exerted "total control" over TSE's operations and portrayed him as the mastermind of the subject fraud. (Decision pp.4, 11.)

9. The motion argues for dismissal of the Amended Complaint because the modifications reflected therein do not cure this defect. (Motion ¶¶36-40.)

10. The Trustee does not dispute that the Amended Complaint still portrays Cassera as the mastermind of the subject fraud, but argues "that Cassera exercised control over TSE by virtue of his ownership of the business … does not mean that other individuals or entities did not also control key aspects of the business." (Response ¶23.)

11. Defendants do not dispute that non-controversial point. However, the Amended Complaint does not allege Cassera controlled the company through his ownership interests, but rather alleges Cassera exercised operational control (*e.g.*, Amended Compl. ¶29) and that TSE was a mere alter ego of Tri-State, which Cassera owned and managed (*id.* ¶¶29, 38). Now, it is certainly possible for both Cassera and Kossoff to exercise operational control together. However, the Trustee has alleged that they did not. (*Id.* ¶¶39, 43.) Given this, and the Trustee's having alleged in his adversary complaint against Cassera that he and three other individuals exerted total control over TSE's operations (ECF No. 12-1, ¶54), none of whom is Kossoff, the Amended Complaint's allegations concerning Defendants' degree of control are not entitled to credit, and the Amended Complaint should be dismissed on the ground that it has not cured the defects identified in the Decision.

**III.    THE SECOND *PHS* FACTOR DOES NOT SUPPORT A FINDING OF INSIDER STATUS**

12.    In the motion, Defendants argued that the second, non-exclusive factor considered in *In re PHS Group Inc.*, 581 B.R. 16 (Bankr. E.D.N.Y. 2018), degree of involvement, looks to whether the alleged insider has a controlling interest or sufficient authority to unqualifiably dictate corporate policy and dispose of corporate assets (Motion ¶43), and neither consideration applies to Defendants.

13.    The Trustee disagrees and states pleading this factor merely "requires allegations that 'indicate more than monitoring of a debtor's operations and proffering advice to management.'"  Response ¶24 (citing *PHS*, 581 B.R. at 32-33).

14.    However, the cited portion of *PHS* also states that under the totality of the circumstances analysis, which "include[es] the degree of an individual's involvement in a debtor's affairs," "[a]n insider should either exercise sufficient authority over the debtor 'to dictate corporate policy and the disposition of corporate assets' or have at least a 'controlling interest in the debtor.'" *PHS*, 581 B.R. at 32 (citing *In re Borders Group, Inc.*, 453 B.R. 459 (Bankr. S.D.N.Y. 2011)).

15.    The Trustee further argues the rationale for Judge Grossman's having found the second *PHS* factor to weigh in favor treating a titular "consultant" (Ernest) as an insider in *PHS* weighs in favor of treating Defendants as insiders, insofar as the determination in *PHS* was based in part on the consultant's having "'transferred large amounts of money' between the accounts of the debtor and its subsidiary, permitted the debtor to fund its subsidiary's operations, and engaged in discussions with the debtor's attorney."  (Response ¶24.)

5

16. However, Judge Grossman's conclusion that the second *PHS* factor weighed in favor of treating Ernest as an insider was based on considerably more than that. In so holding Judge Grossman found:

- Ernest only served as consultant "after he divested himself of ownership and apparent authority over the Debtor's parent corporation which all appears to have been a calculated move intended to render himself judgment proof."

- "Ernest's close family was firmly rooted in the Debtor's employ. The Debtor's grocery diverting business [its principal business] was managed by his son, Thomas, and his other son, Steven and wife, Marguerite, both held positions with the Debtor."

- Ernest priced all products sold by one of the debtor's subsidiaries (QFB) to the debtor. Ernest "sent expense reports to the Debtor's employees, and directed them to create invoices and make payments out of the Debtor's account for QFB."

- "Ernest instructed his son Stephen to transfer large amounts of money between the Debtor and QFB accounts; the Debtor's money was sometimes used to fund QFB's operations on a short-term basis."

- When an involuntary bankruptcy case was filed against QFB and an order for relief entered, "it was Ernest who prepared and signed QFB's schedules."

- "Ernest also controlled the Debtor's payments to" an entity formed by him to import spices for sale by the debtor (Gourmet Select) and a Chinese spice company also formed by him (Qingdao), "with little to no involvement from Faibish," the debtor's CEO.

- "Ernest exerted significant influence over decisions affecting the Debtor's operations," including "orchesterat[ing] the acquisition of … QFB's baking mix business," launching "the Debtor's spice import business through his creation of Gourmet Select and Qingdao," and acquiring another company which "created opportunities for the Debtor in the pasta and potato products market."

- "Ernest also handled various disputes for the Debtor which appear to be outside the stated scope of his 'consulting services.'"

- "Ernest also used the debtor's assets and employees to support his own company, Gourmet Select."

581 B.R. at 34-35. *See also id*. at 36 (summarizing degree of control).

6

17. Judge Grossman analogized Ernest to "a puppeteer, overseeing and managing every aspect of the Debtor's business without showing any formal title or role with the company." *Id*. Ernest admitted this was by design due to the existence of an outstanding judgment against him. *Id*.

18. The foregoing findings supported a determination that Ernest was able to "dictate corporate policy and the disposition of corporate assets" or had at least a "controlling interest in the debtor" (*PHS*, 581 B.R. at 32) as required for the second *PHS* factor to support a determination of insider status. The Amended Complaint does not plead the foregoing, putting aside that the allegations therein are not remotely analogous to the findings in *PHS*.

IV. **DECISIONS CITED FOR THE PROPOSITION THAT INSIDER STATUS HAS ADEQUATELY BEEN PLEADED ARE INAPPOSITE**

19. In the motion, Defendants stated that courts addressing whether outside accountants are insiders have required conduct not alleged herein for them to so qualify. (Motion ¶45.)

20. In response the Trustee argues that labels are irrelevant, and points to case law denying motions to dismiss claims against outside professionals on the ground that they are or could be insiders. (Response ¶¶17, 26.)

21. The decisions cited, however, are inapposite. In *Rieser v. Milford (In re Chari)*, 276 B.R. 206 (Bankr. S.D. Ohio 2002), the court's determination was based not just on the allegation defendant had a close working relationship with debtors, having been their "employee-bookkeeper," but also the allegation that the defendant and her husband personally profited from a fraudulent scheme involving the debtors, and received $10,000 for their participation. *Id*. at 209, 212, 213 n.4. No self-dealing has been alleged here.

22. *Zaremba v. Pheasant (In re Continental Capital Inv. Servs., Inc.)*, No. 05-ap-3322, 2006 WL 6179374, at *4 (Bankr. N.D. Ohio June 12, 2006), as with *PHS*, involved a former

7

statutory insider, the "general counsel for CCC and CCS," a SIPA debtor and its affiliate, who later became their retained, corporate counsel. The Court held the trustee plausibly alleged counsel dealt with the debtor at less than arm's length based on his working relationship with the company and officers/directors, and the defendant's having "had knowledge of and participated in the minimum net capital requirements compliance scheme and received payments in connection with this scheme." *Id*. at *4, *8. Defendants herein are not alleged to have been former statutory insiders, and again no profit motive/self-dealing has been alleged.

23.    *Stanziale v. McGladrey & Pullen (In re Student Fin. Corp.)*, No. 04-ap-58003, 2006 WL 2346373 (D. Del. Aug. 10, 2006) denied a motion to dismiss a malpractice claim against an auditor alleged to have had "knowledge that [debtor's] business was a Ponzi-like scheme," on the ground that "the allegations of the Complaint give rise to a possible inference that Aquino acted as an insider." *Id*. at *1, *3. Here, the Court already determined the Prior Complaint lacked the requisite allegations, and the defect was not cured by the changes reflected in the Amended Complaint.

24.    Significantly, none of the foregoing decisions addressed allegations of control or the absence thereof, which this Court already determined is key to the analysis even at this stage, and which was also considered key to the analysis in *In re Editorial Flash, Inc.*, No. 14-ap-224, 2016 WL 3638471, at *3 (Bankr. D.P.R. June 29, 2016).[3]

---

[3] *In re IDI Const. Co.*, 345 B.R. 60 (Bankr. S.D.N.Y. 2006), also cited in the Response concerned a "consultant" who clearly controlled the general contractor debtor, as he was criminally indicted for diverting trust funds under Lien Law Article 3-a and other felonies, and entered into a plea agreement requiring him to make restitution to unsecured creditors. Judge Bernstein relied on this in concluding that the consultant had no available in pari delicto defense because he was an estate fiduciary. *Id*. at 62-63.

8

## **CONCLUSION**

The Amended Complaint should be dismissed with prejudice.

Dated: June 18, 2019
      New York, New York

Respectfully submitted,

/s/ Jeffrey Chubak
Steven G. Storch
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
sstorch@storchamini.com
jchubak@storchamini.com
*Attorneys for Defendants Kossoff & Kossoff LLP and Irwin Kossoff*

# EXHIBIT 1

| Quotation | Citation to Prior Complaint |
|---|---|
| *Allegations Regarding Scope of Responsibilities* ||
| "Defendants performed a wide range of accounting and related services for Tri-State and TSE, including performing many of their core financial reporting functions." | The allegation was made in Paragraph 37 of the Prior Complaint. |
| "Defendants exercised direct, complete, and virtually exclusive control over the financial reporting systems, tax and internal accounting functions of TSE …" | The substance of this allegation was made in Paragraphs 5, 37-39, 50-51, 81, and 84 of the Prior Complaint. |
| "[Defendants] fulfilled the roles ordinarily carried out by a company's senior internal financial and accounting personnel." | This is a legal conclusion couched as a factual allegation. |
| "Defendants managed TSE's financial reporting, tax and internal accounting activities…" | The substance of this allegation was made in Paragraphs 5, 37-39, 50-51, 81, and 84 of the Prior Complaint. |
| "Defendants controlled, maintained, and made adjustments to TSE's books and records and financial reporting systems." | The substance of this allegation was made in Paragraphs 5, 37-38, 69, and 71 of the Prior Complaint |
| "Defendants decided how to account for the Debtor's business activities." | The Trustee has no good faith basis for making this allegation, which is inconsistent with Paragraph 7 of the Kossoff Declaration which states TSE had a bookkeeping department supervised by Cassera's sister. |
| "Defendants … prepared all of the federal and state income, payroll, and other tax returns for TSE, and compiled the underlying information needed to prepare those returns." | The first clause of this allegation was made in Paragraph 39 of the Prior Complaint. The Trustee has no good faith basis for alleging the second clause, which is inconsistent with Paragraph 7 of the Kossoff Declaration. |
| *Allegations Concerning Relationship with Cassera* ||
| "[Kossoff and Cassera] met frequently concerning Tri-State and Cassera's businesses, and Kossoff was regularly consulted about all financial matters involving Tri-State and Cassera's other businesses." | This allegation was made in Paragraph 40 of the Prior Complaint. |

| Quotation | Citation to Prior Complaint |
|---|---|
| Allegations Concerning Absence of Senior Internal Accounting and Finance Personnel | |
| "TSE did not have a CFO or Treasurer." | The substance of this allegation was made in Paragraph 30 of the Prior Complaint. |
| "TSE or Tri-State [had no] employees with the background and experience to report the entities' multi-billion dollar cash flow." | The substance of this allegation was made in Paragraph 30 of the Prior Complaint. |
| "Defendants acted with autonomy, and their conduct was their own." | This is a legal conclusion couched as a factual allegation, and further is inconsistent with allegations that Cassera controlled TSE and was the mastermind of the subject fraud. |
| "[Defendants] exerted unfettered influence over decisions that affected Debtor's finances and operations." | This is a legal conclusion couched as a factual allegation, and further is inconsistent with allegations that Cassera controlled TSE and was the mastermind of the subject fraud. |
| Allegations Regarding Journal Entries and Tax Returns | |
| "[Defendants'] decisions facilitated TSE's massive fraud." | This allegation does not speak to the level of control exercised by Defendants. |
| "Kossoff explained how he caused a year-end intercompany general ledger entry to be recorded eliminating the $67 million federal payroll tax liability on TSE's books, and causing the $67 million federal payroll tax liability to be reflected on Tri-State's books." | The substance of this allegation was made in Paragraphs 7 and 49 of the Prior Complaint. |
| "Effective as of the end of 2013, Defendants recorded a year-end intercompany general ledger entry which eliminated the $67 million federal tax payroll liability from TSE's books, and caused [it] to be reflected on Tri-State's books." | The substance of this allegation was made in Paragraph 52 of the Prior Complaint. |
| "Defendants also masked TSE's nonpayment of its critical payroll tax liabilities by causing TSE to file inaccurate tax returns." | This allegation was made in Paragraph 50 of the Prior Complaint. |

| Quotation | Citation to Prior Complaint |
|---|---|
| "Defendants prepared and filed on TSE's behalf Form 941 returns indicating that all of TSE's payroll taxes had been paid, when in fact they had not." | This allegation was made in Paragraph 50 of the Prior Complaint. |
| "On January 30 and 31, 2015, as TSE's bankruptcy case was being filed, Defendants made a series of large journal entries on TSE's general ledger in the TSE/Tri-State intercompany account, which they dated as of December 31, 2014. Those entries had the effect of purporting to transform the large intercompany balance owed by Tri-State into a net liability to Tri-State owed by TSE." | The allegation was made in Paragraph 57 of the Prior Complaint. |
| "Kossoff further adjusted these entries in March 2015, subsequent to TSE's chapter 11 filing." | The allegation was made in Paragraph 58 of the Prior Complaint. |
| Allegations Regarding Auditor |
| "Defendants … interfaced independently and directly with TSE's auditor Lilling & Company concerning its audits of TSE's finances for years ended December 31, 2012 and December 31, 2013." | N/A. This allegation was not included in the Prior Complaint. |
| "Defendants were the source of the information needed for TSE's auditors to perform those audits, and information requests were directed at Defendants, not others at TSE." | N/A. This allegation was not included in the Prior Complaint. |

**CERTIFICATE OF SERVICE**

  I, Jeffrey Chubak, certify under penalty of perjury that on June 18, 2019, I caused a filed copy of the foregoing reply in support of Defendants' motion to dismiss to be served by first class mail on the Trustee's counsel at the following address: Carl Wedoff, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022.

                 /s/ Jeffrey Chubak